By the Court.
Ingraham, J.
Irrespective of the statute, it is very clear that the petitioner would have no claim as against either the receiver or the owner of the mortgaged premises, to recover the amount paid for shoring up the wall of the house on the said premises. Petitioner was not bound to protect the buildings adjoining the land on which he was building, and, as long as he has committed no trespass upon the adjoining property, he was not liable for any injury caused thereto. If the owner or those interested in the building preferred to let it fall rather than to take the necessary steps to protect it, the petitioner could not compel them to do anything to their own property by doing it himself and then suing to recover what he had expended.' If he, under such circumstances, did any work on the property of others, he was a mere volunteer, and in the absence of an express or implied contract, the owner of the prop *241 erty on which the work was done would not be liable to pay for such work.
The petitioner, however, claims that he is entitled to be paid for the expenses incurred by him in protecting the building adjoining the property on which he was building, by virtue of section 413 of the statute known as the Consolidation Act of 1882. That section provides that if the person or persons whose duty it shall be, under existing laws, to preserve or protect the wall of a building from injury, shall neglect or fail so to do after notice from the fire department, the department may enter upon the premises and take such steps as in its judgment may be necessary to make the same secure and safe at the expense of the persons owning the building, and any person doing said work or any part thereof under and by direction of the said department may bring and maintain an action against the owner or owners of said wall or building for any work done upon, or material furnished, in the same manner as if he had been employed to do the work by the said owner or owners of said premises.
From the evidence taken before the referee, it would appear that the parties proceeded under this section. A notice was given to do the work by posting it on the buildings and serving it on the receiver on July 28, 1884, and on August 2, 1884, the agent of the petitioner was authorized, under the provisions of this section, to do the work necessary to make the walls described in the notice safe and secure, and prevent the same from becoming unsafe or dangerous, and under that authority the petitioner did the work and furnished the materials, to recover for which this proceeding is brought.
It is very clear, however, that this section would not authorize this proceeding. The statute creates the liability, and the remedy must be confined to that given by the statute, that is, an action against the owner. The receiver is not the owner ; he is simply an officer of the court to collect the rents and profits of the mortgaged premises, for the protection of the mortgagee, in case the *242 property should be found insufficient to pay the amount due on the mortgage, and until the decree of foreclosure and sale under it, the legal title is still in the mortgagor and he is still the owner.- The mortgagee is not the owner, and it does not appear that he will purchase the property at the sale, under the decree, or that he will ever become the owner of the property.
It cannot be said, therefore, that because the owner would be liable in an action as if he had made an agreement to pay for the work done, that a fund for the benefit of the mortgagee should be liable to pay such debt of the owner, yet the only liability that the statute imposes is that the owner shall be liable to the persons doing the work, as if he had made a contract with such person to do such work. No lien on the property is created by the statute, and there is no obligation on the mortgagee to pay. If it appeared that there would be any balance of the money in the hands of the receiver after paying the mortgage, a different question would arise.
It is not claimed by the appellant that there is any other provision of the statute that would entitle him to the relief asked, and for the reason stated, we think the order should be affirmed, with $10 costs and disbursements.
o
Sedgwick, Ch.J., concurred.